Case Number: PC-2025-03049
Filed in Providence/Bristol County Superior Court
Submitted: 6/9/2025 5:10 PM
Envelope: 5165562
Reviewer: Carol M.

Case 1:25-cv-00305-MRD-AEM   Document 1-1   Filed 06/27/25   Page 1 of 11 PageID #: 5

STATE OF RHODE ISLAND                                    SUPERIOR COURT
PROVIDENCE, SC.

M.B. and P.B. as parents and next friends of
G.B., a minor
    *Plaintiff*

v.                                                       [JURY TRIAL CLAIMED]

TOWN OF GLOCESTER, by and through its
Treasurer, Elizabeth Beltram;
DATTCO, INC.; BRUCE ALTON;
OCEAN STATE ACADEMY LEARNING
CENTER, LLC; and STATE OF RHODE ISLAND,
DEPARTMENT OF EDUCATION.
*Defendants*

## COMPLAINT

### JURISDICTION

1. This is a Complaint seeking vindication of minor child G.B.'s right to a school environment free of discrimination based upon disability pursuant to the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and Rhode Island General Laws § 42-112-1. This is also a claim for negligence.

2. Venue is proper in this Court as the events giving rise to this action occurred in Providence County, Rhode Island.

3. Plaintiffs have duly served the Town Council of the Town of Glocester ("Glocester") with notice of their claim as mandated by R.I. General Laws. § 45-15-5, but has received no satisfaction.

### PARTIES

4. Plaintiffs M.B. and P.B. are parents and next friends of G.B., now twelve years old

1

Case Number: PC-2025-03049
Filed in Providence/Bristol County Superior Court
Submitted: 6/9/2025 5:10 PM
Envelope: 5165562
Reviewer: Carol M.

Case 1:25-cv-00305-MRD-AEM     Document 1-1     Filed 06/27/25     Page 2 of 11 PageID #: 6

5. G.B., at all times relevant to this complaint, has been deemed a child with a disability, entitled to entitled to reasonable accommodations for his disability pursuant to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 as well as the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*

6. Plaintiff G.B. resides within the Town of Glocester and his designated home school is the Fogarty Memorial School.

7. The Defendant Town of Glocester is a municipal corporation duly organized under the laws of the State of Rhode Island and is sued by and through its Treasurer, Elizabeth Beltram.

8. The Defendant Town of Glocester, as G.B.'s town of residence, is responsible for providing G.B. with an education under state and federal law, including transportation to and from school.

9. The Defendant Dattco, Inc. ("Dattco") is a corporation organized and existing under the laws of Connecticut, with its principal place of business located at 583 South Street, New Britain, CT 06051. Dattco conducts business in the State of Rhode Island and is subject to the jurisdiction of this Court.

10. The Defendant Bruce Alton ("Alton") was at all relevant times employed as a bus monitor by Dattco.

11. The Defendant Ocean State Academy Learning Center, LLC ("Ocean State") is a limited liability company organized and existing under the laws of the State of Rhode Island, with its principal place of business located in New Jersey.

12. Ocean State conducts business in the State of Rhode Island and is subject to the jurisdiction of this Court.

2

Case Number: PC-2025-03049
Filed in Providence/Bristol County Superior Court
Submitted: 6/9/2025 5:10 PM
Envelope: 5165562
Reviewer: Carol M.

Case 1:25-cv-00305-MRD-AEM    Document 1-1    Filed 06/27/25    Page 3 of 11 PageID #: 7

13. The Defendant Rhode Island Department of Education ("RIDE") is a state agency established under Rhode Island General Laws Title 16, Chapter 97, responsible for overseeing public education within the State of Rhode Island.

14. RIDE administers and operates the Statewide Transportation System, which among other things provides transportation services to the local education agencies such as the Town of Glocester, which has placed children out of district due to special education needs.

15. At all times relevant to this Complaint, Dattco had contracted with RIDE to provide transportation services under the Statewide Transportation System.

16. G.B. is on the autism spectrum and is largely non-verbal.

17. Due to the special educational needs resulting from his disability, G.B. had been placed at Ocean State, a school specializing in children with G.B.'s special needs.

18. RIDE and Dattco, through the Statewide Transportation System, provided G.B. with transportation to and from school.

19. Due to his disability, G.B. presents with numerous behavioral challenges that require careful management.

20. The bus was a known trouble spot for G.B., and thus, there was a carefully laid out protocol for transporting G.B.

21. First, G.B. was to be the last child put on the bus to minimize time on the bus and reduce the opportunity for behavioral problems.

22. Second, G.B. was to wear a harness to prevent him from getting up and moving around and otherwise causing a safety hazard for himself and others.

23. October 25, 2023, the date of the subject incident, was an unseasonably warm afternoon.

3

Case Number: PC-2025-03049
Filed in Providence/Bristol County Superior Court
Submitted: 6/9/2025 5:10 PM
Envelope: 5165562
Reviewer: Carol M.

Case 1:25-cv-00305-MRD-AEM    Document 1-1    Filed 06/27/25    Page 4 of 11 PageID #: 8

24. Ocean State staff sent G.B. out to the bus in a fleece jacket, causing G.B. to be overheated and uncomfortable.

25. Ocean State put G.B. on the bus first, rather than last per the established protocol for transporting G.B.

26. In addition, it appeared that G.B. was already becoming dysregulated when he was put on the bus.

27. By putting G.B. on the bus first, in contravention of the established protocol, Ocean State compounded G.B.'s discomfort caused by being overdressed and already dysregulated.

28. In response to his discomfort, G.B. yelled, undid his seatbelt, and stood on the seat.

29. Apparently recognizing the cause of his discomfort, Ocean State staff came onto the bus and tried to take off G.B.'s fleece jacket but ultimately gave up and left.

30. Defendant Alton failed to take appropriate action in response to G.B.'s behavior.

31. Rather taking appropriate action, Defendant Alton yelled at G.B. and then swept his feet out from under him, causing him to fall.

32. The bus driver then refused to transport G.B.

33. The above-described incident involving G.B. and Defendant Alton was recorded on video.

34. G.B. suffered emotional distress because of the incident, which manifested itself in developmental regressions, including losing his toilet training for several weeks.

35. G.B. was not reassigned to a different bus for approximately one week following the incident.

36. Only once he was reassigned to a different bus did G.B.'s parents feel safe allowing him to be transported by bus to and from school.

Case Number: PC-2025-03049
Filed in Providence/Bristol County Superior Court
Submitted: 6/9/2025 5:10 PM
Envelope: 5165562
Reviewer: Carol M.

Case 1:25-cv-00305-MRD-AEM   Document 1-1   Filed 06/27/25   Page 5 of 11 PageID #: 9

## COUNT I,
## (TITLE II OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 1231 et seq.)

### Against the Rhode Island Department of Education and the Town of Glocester

37. Plaintiffs re-allege those averments contained in the Paragraphs above as if fully restated herein.

38. Plaintiff G.B. is a qualified individual with a disability as defined under the Americans with Disabilities Act ("ADA"). 42 U.S.C. § 12131(2).

39. Defendants RIDE and Glocester are public entities as defined in 42 U.S.C. § 12131(1).

40. Defendants RIDE and Glocester are responsible for ensuring that students with disabilities receive equal access to public education, which includes safe and appropriate transportation services.

41. Defendants failed to provide reasonable accommodations necessary or G.B. to access and benefit from his educational programming by failing to ensure that Dattco's employees provided appropriate behavioral interventions for students with autism, and permitting unsafe and discriminatory methods of behavioral control, including the inappropriate restraint of G.B.

42. As a direct and proximate result of Defendants' violations of the ADA, G.B. suffered physical injury, emotional distress, a disruption of his access to education, and regression in skills.

## COUNT II

### VIOLATION OF SECTION 504 OF THE REHABILITATION ACT
### (29 U.S.C. §794)

### Against Rhode Island Department of Education, Town of Glocester

43. Plaintiffs re-allege those averments contained in the Paragraphs above as if fully restated herein.

Case Number: PC-2025-03049
Filed in Providence/Bristol County Superior Court
Submitted: 6/9/2025 5:10 PM
Envelope: 5165562
Reviewer: Carol M.

Case 1:25-cv-00305-MRD-AEM   Document 1-1   Filed 06/27/25   Page 6 of 11 PageID #: 10

44. Plaintiff is an individual with a disability as defined under § 504 of the Rehabilitation Act.

45. Defendants RIDE and Glocester receive federal financial assistance and are therefore subject to the non-discrimination requirements of Section 504.

46. Section 504 mandates that recipients of federal funds provide individuals with disabilities an equal opportunity to participate in and benefit from public education programs, including related services such as transportation.

47. Defendants failed to provide reasonable accommodations necessary or G.B. to access and benefit from his educational programming by failing to ensure that Dattco's employees provided appropriate behavioral interventions for students with autism, and permitting unsafe and discriminatory methods of behavioral control, including the inappropriate restraint of G.B.

48. As a direct and foreseeable result of these violations of Section 504, Plaintiff G.B. suffered physical injury, emotional distress, a disruption of his access to education, and regression in skills.

## COUNT III
## NEGLIGENCE

**Against Rhode Island Department of Education, Dattco, Inc. and Bruce Alton, Individually**

49. Plaintiffs re-allege those averments contained in the Paragraphs above as if fully restated herein.

50. Defendants Rhode Island Department of Education and Dattco owed a duty of care to G.B. to provide safe and appropriate transportation services, including ensuring that its personnel were adequately trained in the supervision of students with disabilities.

51. Defendant Alton owed a duty of care to G.B. to ensure his safety and well-being while under his supervision.

52. Defendant Rhode Island Department of Education failed to exercise due care when selecting and supervising Dattco and otherwise ensuring that its personnel were adequately trained in the supervision of students with disabilities.

53. Defendants Dattco and Alton breached their duty of care by failing to adhere to established safety protocols for transporting G.B.; using inappropriate to restrain G.B., including sweeping his legs out from under him; and, failing to ensure G.B.'s safety.

54. As a direct and proximate result of these breaches, G.B. suffered emotional distress, physical injury, regression in skills, and other damages.

## COUNT IV
## NEGLIGENCE
### Against Ocean State Academy Learning Center, LLC

55. Plaintiffs re-allege those averments contained in the Paragraphs above as if fully stated herein.

56. Defendant Ocean State was responsible for the education of G.B., a student placed pursuant to an IEP.

57. As Ocean State was responsible for the implementation of G.B.'s IEP, it owed G.B. a duty of care, including ensuring that his transportation accommodations were properly executed.

58. Ocean State breached this duty by failing to follow the established protocol of placing G.B. on the bus last to minimize behavioral escalation; sending G.B. to the bus in a fleece jacket despite the unseasonably warm temperatures, exacerbating his distress; and, failing to address G.B.'s dysregulation prior to placing him on the bus.

Case Number: PC-2025-03049
Filed in Providence/Bristol County Superior Court
Submitted: 6/9/2025 5:10 PM
Envelope: 5165562
Reviewer: Carol M.

Case 1:25-cv-00305-MRD-AEM     Document 1-1     Filed 06/27/25     Page 8 of 11 PageID #: 12

59. Although the direct harm to G.B. occurred at the hands of the transportation personnel, Ocean State's failure to follow safety and behavioral protocols contributed to the escalation of events that resulted in G.B.'s discriminatory mistreatment.

60. As a direct and proximate result of these breaches, G.B. suffered emotional distress, physical injury, regression in skills, and other damages.

## COUNT V
## RHODE ISLAND CIVIL RIGHTS ACT. R.I. Gen. Laws § 42-112-1 *et seq.*

**Against Town of Glocester, Rhode Island Department of Education, Dattco, Inc., and Alton**

61. Plaintiffs re-allege those averments contained in the Paragraphs above as if fully stated herein.

62. G.B. is a disabled person and has a disability covered by Rhode Island Civil Rights Act ("RICRA"), R.I. Gen. Laws § 42-112-1 *et seq.*

63. RICRA prohibits discrimination based on disability in public accommodations, services, and contracts.

64. Defendants Glocester, RIDE, Dattco, and Alton denied G.B. access to safe and appropriate transportation due to his disability.

65. As a direct and foreseeable result of Defendants' acts and omissions, G.B. suffered emotional distress, physical injury, and a disruption in his access to education.

## COUNT VI – ASSAULT
### (Alton and Dattco)

66. Plaintiff re-alleges those averments contained in the Paragraphs above as if fully restated herein.

Case Number: PC-2025-03049
Filed in Providence/Bristol County Superior Court
Submitted: 6/9/2025 5:10 PM
Envelope: 5165562
Reviewer: Carol M.

Case 1:25-cv-00305-MRD-AEM    Document 1-1    Filed 06/27/25    Page 9 of 11 PageID #: 13

67. The actions of Defendant Alton placed G.B. in fear of imminent, offensive, and unwanted bodily contact.

68. The actions of Defendant Alton were committed in the course of his employment with Defendant Dattco.

69. The nature of Defendant Alton's employment duties reasonably put the employer Defendant Dattco on notice that some force probably may have to be used in executing it, and therefore Defendant Dattco is liable for the conduct of Defendant Alton under the doctrine of respondeat superior.

70. As a result of Defendants' wrongful actions described herein, G.B. has suffered and shall continue to suffer damages, including pain and suffering and other compensatory damages, nominal damages, personal physical injuries, personal inconvenience and discomfort, mental anguish, embarrassment, medical expenses, attorneys' fees, litigation costs and other damages.

71. Said actions of Defendants were wicked, wanton, and for the good of society must be punished.

## COUNT VII – BATTERY
### (Alton and Dattco)

72. Plaintiff re-alleges those averments contained in the Paragraphs above as if fully restated herein.

73. The actions of Defendant Alton constituted an intentional offensive and unwanted bodily contact with G.B.

74. The actions of Defendant Alton were committed in the course of his employment with Defendant Dattco.

Case Number: PC-2025-03049
Filed in Providence/Bristol County Superior Court
Submitted: 6/9/2025 5:10 PM
Envelope: 5165562
Reviewer: Carol M.

Case 1:25-cv-00305-MRD-AEM   Document 1-1   Filed 06/27/25   Page 10 of 11 PageID #: 14

75. The nature of Defendant Alton's employment duties reasonably put the employer Defendant Dattco on notice that some force probably may have to be used in executing it, and therefore Defendant Dattco is liable for the conduct of Defendant Alton under the doctrine of respondeat superior.

76. As a result of Defendants' wrongful actions described herein, G.B. has suffered and shall continue to suffer damages, including pain and suffering and other compensatory damages, nominal damages, personal physical injuries, personal inconvenience and discomfort, mental anguish, embarrassment, medical expenses, attorneys' fees, litigation costs and other damages.

77. Said actions of Defendants were wicked, wanton, and for the good of society must be punished.

## **Prayers for Relief**

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

1. An award of compensatory damages;

2. An award of nominal damages;

3. An award of punitive damages;

4. An award of reasonable attorney's fees and costs of litigation;

5. An award of statutory interest; and.

6. Such other and future relief as the Court deems just and proper.

    Plaintiffs,
By their attorney,

/s/ Stephen M. Robinson
Stephen M. Robinson #2103
Robinson & Clapham
123 Dyer Street, Suite 135
Providence, RI 02903
(401) 331-6565
(fax) 331-7888

Case Number: PC-2025-03049
Filed in Providence/Bristol County Superior Court
Submitted: 6/9/2025 5:10 PM
Envelope: 5165562
Reviewer: Carol M.

Case 1:25-cv-00305-MRD-AEM     Document 1-1     Filed 06/27/25     Page 11 of 11 PageID #: 15

srobinson@smrobinsonlaw.com

11